(No. 1931—)

.HERBERT E. SHAPIRO, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 23, 1933.*
*Rehearing denied October 17, 1933.*

ALTHEIMER, MAYER, WOODS & SMITH, for claimant.

OTTO KERNER, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

Plaintiff filed his declaration in this court on June 21, 1932.

He alleges that he was born on the 22nd day of December, 1915, and on the 29th day of May, 1931, he enlisted in the Illinois National Guard and became a member of the 122nd Field Artillery; that on August 1, 1931, under orders of his commanding officer, with the other members of his regiment, entrained for Camp McCoy, near Sparta, Wisconsin.

The declaration further alleges that he was directed by the proper officers on August 13, to clean up the grounds adjacent to the targets, and while in the performance of his duties he picked up an unexploded shell and accidently dropped the same, and that the shell exploded, and as a result thereof, he was seriously wounded, and lost the thumb, first and second fingers of the right hand. He was removed to St. Mary's Hospital at Sparta, Wisconsin, and remained there for eleven days. He was then removed to St. Joseph's Hospital in the city of Chicago, and it was necessary to perform a skin grafting operation.

Prior to the time of the accident he was a student in one of the technical schools in the city of Chicago, studying to be a draftsman, and by reason of his injuries had been unable to follow out his profession when he became proficient. He seeks to recover compensation under the Military and Naval Code of Illinois for these injuries.

It appears in the record that on August 13, 1931, he was on duty with his company which was firing French 75 mm. guns on the south target range. He had been detailed to take care of horses for the company's officers and had been specifically directed prior to the accident along with another private of the Battery to hold five horses which had been ridden by officers to a part of the range. After the officers left to perform their duties, the plaintiff and the other private arranged between themselves that one should hold the horses so the

other might go where his fancy dictated. The plaintiff went out in surrounding territory in disobedience of his orders and began to collect souvenirs.

The findings of the Board of Inquiry are before us. This report is made a part of the record by the stipulation of the counsel representing both sides of this case. The records of the office of the Adjutant General show that the injured soldier was injured while on duty with the National Guard, but the injury did not occur in line of duty.

It appears from this record that on the day in question, Private Shapiro with two other enlisted men, accompanied by Captain Nessler, the Battery commander, were engaged in a problem which was carried out on the south range, at Camp McCoy. All of the party were mounted. At a certain point, the party dismounted and Private Shapiro with several other soldiers acting as horse-holders, was given two horses and sent about 200 feet to the rear by the Battery Commander.

Shortly thereafter, Private Shapiro turned his horse over to another soldier and left the vicinity. He had been gone but a short time when he returned with some loose shrapnel and a nose from an expended 155mm. shrapnel shell. He had found an unexploded 37 mm. projectile and had placed it in his shirt pocket. He saw another one on the ground and reached down to pick it up with his right hand and in so doing, the projectile in his pocket fell to the ground and struck the second projectile, causing an explosion, which resulted in his injury.

It also appears that during the period of training, this soldier, as well as all other members of the Battery, were constantly warned by the Battery Commander, and other officers, and non-commissioned officers, of the danger of handling unexploded projectiles or ''duds'', whether on the range or elsewhere.

It also appears that on the line of march to each of the ranges, there are large sign boards warning soldiers of the danger of handling unexploded shells. The signs are placed in such position that they are directly in the path of approaching troops.

It is urged, on behalf of the plaintiff, that the accident happened while in the performance of his duties under the direction of his commanding officer, but there is nothing in

the evidence to support that contention. The facts conclusively show that the claimant was entirely outside of his duties in picking up unexploded shells, and was also at that time acting in direct disobedience of orders of his military officers, and general orders of the camp.

The findings of the military board are set forth largely in the report of the Adjutant General. Section 11 of the Military and Naval Code provides: "Sec. 11. In every case where an officer or enlisted man of the National Guard * * * shall be injured, wounded or killed while performing his duty * * * in pursuance of orders * * * said officer or enlisted man * * * shall have a claim against the State. * * *"

It does not appear from the evidence that this soldier had been assigned to clearing the target range of unexploded shells or other debris. The record specifically shows that he had been assigned to the duty of holding some horses, and in disobedience of those orders, he received the injury.

It also appears from the record that this soldier had been warned by his officers not to pick up shells while on the range, as some of them might be unexploded and therefore dangerous.

It further appears that signs were posted near the range warning soldiers against such action, as caused the injury in this case.

We cannot agree with counsel that this injury arose while in the performance of claimant's duties. Stress is put upon the fact that he was only about 15½ years of age at the time of his enlistment and accident, but if that were true, he was probably allowed to join the National Guard upon his representation that he was at least 18 years of age at the time of his enlistment, and he should not now be permitted to take advantage of his own misrepresentation.

As we view the facts in this case, this claimant did not receive an injury while in the performance of his duties, pursuant to orders, but on the contrary, received his injury while in disobedience of his orders. It would not only be contrary to the statute for this court to assume jurisdiction of this case, but it would be positively against public policy to make an award in this case.

The claim is, therefore, dismissed.